FULMER, Chief Judge.
Donna Hedricks (“Mother”) appeals from a post dissolution order in which the trial court established a child visitation scheme for her former husband, George Hedricks (“Father”), and the parties’ two minor children. We reverse and remand for further proceedings because we conclude that the trial court abused its discretion by imposing the new visitation scheme without considering input from the family’s therapist, Mr. Schitea.
The parties’ marriage was dissolved in 1999 pursuant to a final judgment of dissolution that incorporated a marital settlement agreement. Under the terms of the final judgment, the Mother was the primary custodian, the parents were to have shared parental responsibility, and the Father was to have the right to reasonable contact and visitation with the children. The final judgment modified the terms of an injunction for protection against domes *63 tic violence to allow the Father to have reasonable contact with the- Mother for the purpose of facilitating the Father’s unsupervised visitation with the children every Wednesday and Sunday. And, it specifically provided that the Father not be under the influence of alcohol or 'any illegal drug while at the Mother’s residence or at any time during visitation with the children.
In 2001, the Mother sought to terminate the Father’s right to shared parental responsibility and visitation, alleging in part that the Father had violated the final judgment’s prohibition against the use of alcohol. The available record indicates that in March 2001, a settlement was reached between the parties whereby the Father agreed to supervised visitation for a period of one year; however, later documents indicate that the supervised visitation did not take place. In November 2001,'the Mother again moved the court to prohibit any contact between the Father and the children. Her motion states that visitation had not occurred since December 2000. Apparently, in December 2001, the trial court issued an order from the bench granting the Father supervised visitation.[1] In May 2002, the Father moved for enforcement of the court-ordered supervised visitation, stating that the children refused to see the Father. At a hearing held in May 2002, the parties agreed to begin working with a therapist to resolve the issue of the children refusing to participate in the supervised visitation. In a second motion to enforce visitation, filed in August 2002, the Father stated that he had engaged the services of Mr. Larry Schitea, family therapist, to facilitate the visitation.
In August 2003, the Father filed a new motion for visitation, which is the subject of this appeal. The court held a hearing on August 10, 2004, at which eight witnesses testified, including both parties and the therapist,-Mr. Schitea. On August. 17, 2004, the court entered an order granting the Father’s, motion for visitation under the following conditions: (1) the Father must complete a parenting class as recommended by Mr. Schitea; (2) the Father shall individually attend . counseling sessions with Mr. Schitea at a minimum of once per month; (3) the Father shall submit to random drug testing as directed by Mr. Schitea; (4) the Father and the Mother shall participate in joint sessions if requested by Mr. Schitea; (5) the children shall meet with Mr. Schitea at a minimum of twice per month (the Mother may be present at these meetings but the Father shall not be present, during the initial meetings between Mr. Schitea and the children); (6) if deemed appropriate and healthy by Mr. Schitea, both the Father and Mother, as well as the children, shall meet with Mr. Schitea in his office for a reintroduction session; (7) the Father shall consume no alcohol -within forty-eight hours of any contact with his children and shall commit no law violations; and (8) the Father shall not be permitted unsupervised contact with the children outside the office of Mr. Schitea. The trial court set a status conference for November 17, 2004, to determine if this order was being complied with, to monitor the progress of the children, and to consider entering further orders. The court’s order specifically directs Mr. Schitea to attend the November status conference “to provide input to the Court.”
On November 15, 2004, the Mother filed a motion to continue the status conference, citing the unavailability of Mr. Schitea. Apparently, this motion was denied.[2] The *64 trial court held the status conference, and without hearing from Mr.- Schitea, the court entered an order imposing a new visitation scheme. In its November 22, 2004, order, the trial court found that the Father does not pose a danger to the children and he has done everything that the court has asked him to do in an effort to prove that contact between him and the children is healthy and appropriate. The court provided that visitation would begin on December 11, 2004, between 2 and 7 p.m., to be supervised by an adult member of the Father’s family. Such visitation would occur every other Saturday. Beginning on February 19, 2005; the Father would have unsupervised visitation every other Saturday between 2 and 7 p.m. Beginning on April 30, 2005, the Father would have unsupervised overnight visitation beginning on Saturdays at 4 p.m. and concluding on Sundays at 7 p.m.
The Mother moved for a rehearing of this order with an attached affidavit of Mr. Schitea. In this affidavit, Mr. Schitea states, in part: “I did not attend the hearing ... because of a cruise arranged by my wife and George Hedrick[s’] leading me to believe that he would not object to the November 17 hearing being postponed for a reasonable time.” In regard to the court-imposed visitation scheme, Mr. Schi-tea expressed concern on a number of grounds, including that it was premature for the children to be reintroduced to the Father and that the imposed contact “jeopardizes the progress made and creates serious concern for [the children’s] emotional well-being.” The trial court denied the motion for rehearing.
The Mother raises five issues on appeal. We find merit only in the contention that the trial court erred in denying the Mother’s motion for rehearing. The trial court’s order of August 2004 is heavily dependent on the participation of Mr. Schi-tea. The court’s order specifically directed him to appear for the November hearing. As such, the Mother was placed in an unfair position when Mr. Schitea failed to appear for the hearing. The Mother objected . to the court’s proceeding without first hearing testimony from Mr. Schitea. The court’s statement in response suggested that it was the Mother’s responsibility to subpoena the therapist, but as the Mother points out, she had no reason to think that a subpoena was necessary because the trial court’s August order directed Mr. Schitea to appear for the November hearing.
During the November status conference, the credibility of the Husband was pitted against that of the Wife. Because the trial court’s August order was dependent on the parties’ cooperation with Mr. Schitea, the therapist’s testimony was essential for an objective evaluation of the parties’ compliance with the order, the progress made toward the goal of reuniting the children with the Father, and, ultimately, the best interests of the children. We therefore conclude that the trial court abused its discretion by fashioning a new visitation scheme for the Husband without first consulting with the only person who could objectively inform the court as to these issues. Accordingly, we reverse the trial court’s order of November 22, 2004. Because a substantial amount of time has passed between the entry of the trial court’s order and the issuance of this opinion, on remand the trial court should conduct a hearing to reconsider the Husband’s motion in light of the best interests of the children at present.
*65 Reversed and remanded for further proceedings.
KELLY and VILLANTI, JJ., Concur.

. Although there is no order in our record whereby the Mother's motion for continuance *64 was denied, later events indicate that the trial court denied the motion. The Mother states on appeal that the Husband objected to the motion for continuance; however, that fact cannot be substantiated by the record.